UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KERN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY HA, et al.,<br><br>    Defendants. | No.  2:24-cv-0736 DJC CKD P<br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

6    Having conducted the required screening, the court finds that plaintiff's complaint must be
7 dismissed for failure to state a claim upon which relief can be granted. The court will, however,
8 grant plaintiff leave to file an amended complaint.

9    Plaintiff claims defendant Ha caused plaintiff's left knee to be jammed resulting in
10 plaintiff suffering pain. Plaintiff is not clear what Ha did to cause plaintiff pain. In his amended
11 complaint, plaintiff should clarify exactly what action taken by Ha resulted in plaintiff's knee
12 injury.

13    Plaintiff is informed that claims concerning excessive force against a pretrial detainee
14 such as plaintiff arise under the Fourteenth Amendment. Castro v. Cnty. of Los Angeles, 833
15 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). In order to prevail on such a claim, plaintiff must
16 show that the defendant's use of force was (1) deliberate; and (2) objectively unreasonable.
17 Kingsley v. Hendrickson, 576 U.S. 389, 395-97 (2015). As to the second element, objective
18 reasonableness turns on the facts of each case, such as "the relationship between the need for the
19 use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by
20 the officer to temper or to limit the amount of force; the severity of the security problem at issue;
21 the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."
22 Id. at 2473. Objective reasonableness is assessed based on the information known to the officer at
23 the time. Id. at 2474.

24    Finally, plaintiff is informed that if he chooses to amend, the court cannot refer to a prior
25 pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that
26 an amended complaint be complete in itself without reference to any prior pleading. This is
27 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
28 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 8, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
kern0736